## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   Case No. RWT 12-cr-0640 |
| | * |
| **SOPHIA JONES** | * |

## MEMORANDUM OPINION AND ORDER

This matter arises out of a multi-defendant Indictment charging eleven individuals in a significant drug trafficking conspiracy, involving the distribution of one kilogram or more of heroin and one hundred kilograms or more of marijuana. ECF No. 1. Defendant Sophia Jones was charged on the original Indictment on December 12, 2012, arrested on July 17, 2013, arraigned on the Superseding Indictment on December 11, 2013, and convicted by a jury on January 24, 2014. ECF Nos. 1, 175, 235, 245, 290. Jones now moves, thirteen months after the jury found her guilty of all indicted charges, to extend the time for filing a motion for new trial. ECF No. 453.

Attorney Timothy Mitchell was appointed to represent Jones and remained her attorney through the trial. ECF No. 271. An attorney inquiry hearing was held on January 2, 2014 before Chief Magistrate Judge William Connelly, and he denied Jones's request for a new attorney. *Id.* After a twelve-day trial, the jury found Jones guilty as charged in the Superseding Indictment. ECF No. 290. On June 11, 2014, another attorney inquiry hearing was held before Judge William Connelly, in response to a letter from Jones complaining about her relationship with Mitchell, which the Court received over four months after the jury returned a guilty verdict.

ECF No. 352. At the conclusion of the hearing, Elita Amato was appointed to replace Mitchell as counsel for Jones. ECF No. 353.

Jones's original sentencing hearing was scheduled for July 7, 2014. ECF No. 293. Since that date, and at the request of Jones, the Court has rescheduled the sentencing hearing five times so that Jones might consult with new counsel, complete a thorough in-person review of the record, and consider any post-trial motions. ECF Nos. 359, 394, 420, 426, 457. The current sentencing hearing is scheduled for this June 18, 2015, nearly seventeen months after the jury found her guilty of all indicted charges and twelve months after the Court appointed new counsel. ECF No. 457. On February 25, 2015, Jones moved for an extension of time to file a motion for new trial. ECF No. 453. The Government responded in opposition on March 16, 2015, ECF No. 466, and Jones replied in support of her motion on March 26, 2015, ECF No. 467.

Federal Rule of Criminal Procedure 33(b) states that a motion for a new trial based on newly discovered evidence must be filed within three years of the finding of guilt, and a motion for a new trial, based on any reason other than newly discovered evidence, must be filed within fourteen days[1] of the finding of guilt. Fed. R. Crim. P. 33(b)(1), (b)(2). "This deadline is rigid." *Eberhart v. United States*, 546 U.S. 12, 13 (2005). Furthermore, the Fourth Circuit has expressly confirmed that "information supporting an ineffective assistance claim is not 'evidence' within the meaning of Rule 33 and, therefore, that a motion for a new trial predicated on ineffective assistance of counsel must be brought, if at all, within [fourteen] days of judgment regardless of when the defendant becomes aware of the facts which suggested to her that her attorney's performance may have been constitutionally inadequate." *United States v. Smith*, 62 F.3d 641, 648 (4th Cir. 1995). Any motion for new trial outside of Rule 33 time constraints,

---

[1] Effective on December 1, 2009, Federal Rule of Criminal Procedure 33 was amended to extend the time period for filing from seven to fourteen days. *See* Fed. R. Crim. P. 33 advisory committee's note to 2009 amendment.

must establish "excusable neglect" pursuant to Rule 45(b)(1)(B).  *See* Fed. R. Crim. P. 45(b)(1)(B) (stating that the Court may extend the time on a party's motion made "after the time expires if the party failed to act because of excusable neglect").

The Supreme Court has held that factors involved in analyzing excusable neglect include: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."[2]  *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993) (internal quotations and citations omitted); *see also Stutson v. United States*, 516 U.S. 193, 197-98 (1996) (applying *Pioneer* excusable neglect analysis to criminal cases).  In addition, the Fourth Circuit recently observed that "'a party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect.'"  *Martinez v. United States*, 578 F. App'x 192, 194 (4th Cir. 2014) (quoting *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010)).

Jones acknowledges that her motion to extend the time for filing a motion for new trial relies on Rule 33(b)(2), not newly discovered evidence.  ECF No. 453, ¶ 10.  Jones filed her motion thirteen months after the jury returned its guilty verdict, far exceeding the fourteen-day time limit imposed by Rule 33(b)(2), and thus necessitating an "excusable neglect" determination by the Court.  Jones argues that an extension is appropriate in this case because she did not know about the fourteen-day time limit, new counsel was not appointed until five months after the fourteen-day period, and new counsel "needed time to obtain and review the

---

[2] Jones relies on *Eberhart*, 546 U.S. 12 (2005), for the proposition that "'excusable neglect' is a valid basis for the [C]ourt, within its discretion, to grant an extension of time by which to file a Rule 33 motion based upon ineffective assistance of counsel claims." ECF No. 453, ¶ 14.  This reliance is misplaced, as *Eberhart* only held that while Rules 33 and 45 are not "jurisdictional," they nevertheless are "'inflexible claim-processing rule[s].'" 546 U.S. at 13 (2005) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)).  By failing to object to the timeliness of the defendant's motion for new trial, the Government waived its right to do so. *Id.* at 20.

record before being in a position to identify and assess [her] claims, and locate potential support in the record." ECF No. 453, ¶ 12.

However, even if the Court excuses the entire five-month period Jones was represented by Mitchell from the rigid, fourteen-day filing period, there is still a delay of over eight months from the appointment of current counsel at the hearing on June 11, 2014 to the filing of this motion on February 25, 2015. Furthermore, the sole excuse for this delay is that Jones's new counsel "needed time to review the trial transcripts and go through the extensive discovery in this case." ECF No. 467, at 3. No evidence has been presented to suggest that the delay was outside the control of Jones. A period of thirteen months, without allegations of extenuating circumstances, is not minimal and exceeds reasonable standards intended to account for danger of prejudice and potential impact on judicial proceedings—such as witnesses who may have suffered ramifications as a result of their testimony and may now be reluctant to testify again, memory issues of the Court, and the imposition of a separate appeal. *See United States v. Munoz*, 605 F.3d 359, 362 (6th Cir. 2010) (finding excusable neglect where new counsel took over a "sensitive" case with "unique difficulties" and moved to file a post-conviction motion five days after being appointed and filed the motion within ten weeks); *United States v. Cates*, 716 F.3d 445, 449 (7th Cir. 2013) (determining that a delay of two months between entry of new counsel's appearance and the filing of the motion for extension was not excused by counsel's need for time to review discovery and meet with the defendant); *United States v. Foster*, 623 F.3d 605, 608 (8th Cir. 2010) (affirming no excusable neglect where the defendant filed a motion for new trial six months after the verdict and the Government preserved the issue by raising it in response to the motion).

Jones has not established excusable neglect for the delay of thirteen months between the verdict and her filing of a motion for extension of time to file a motion for new trial. Her

unhappiness with her representation by Mitchell was voiced by her both before and after her conviction on January 24, 2014, and ultimately resulted in Mitchell's replacement by Amato on June 11, 2014. Her unhappiness with Mitchell is not new or newly discovered, and her neglect in not raising her concerns in a timely manner for new trial is not excusable. Accordingly, it is this 5th day of May, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion for Extension of Time in Which to File Motion for New Trial Based Upon Ineffective Assistance of Counsel Claims (ECF No. 453) is hereby **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE