IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SOPHIA JONES, | * | |
| *Petitioner,* | * | |
| v. | * | Civil Action No. DKC 17-2327 |
| | * | (Related Criminal No. DKC 12-0640-5) |
| UNITED STATES OF AMERICA, | * | |
| *Respondent.* | * | |

**MEMORANDUM OPINION**

Petitioner Sophia Jones ("Jones") has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("§ 2255 motion" or "motion to vacate"). ECF No. 526.[1] The Government has responded to Jones's motion to vacate and filed a motion to seal. ECF Nos. 537, 538. For the reasons discussed below, the court will deny Jones's § 2255 motion and grant the Government's motion to seal.

**BACKGROUND FACTS**

On December 12, 2012, a grand jury indicted eleven defendants, including Jones, on a single count of conspiracy to distribute one kilogram or more of heroin and 100 kilograms or more of marijuana, in violation of 21 U.S.C § 846. ECF No. 1. On November 13, 2013, a grand jury returned a Superseding Indictment that included additional charges as to Jones. ECF No. 235. Jones was charged with (1) use of a communication facility in furtherance of a drug trafficking offense (Counts Nine, Eleven, Thirteen), and (2) possession with intent to distribute heroin (Counts Ten, Twelve, Fourteen). *Id.*

---
[1] All references to the record pertain to the criminal case.

At Jones's initial appearance on July 17, 2013, the court appointed counsel pursuant to the Criminal Justice Act. ECF No. 350. ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████.

On January 24, 2014, a jury found Jones guilty on all pertinent charges in the Superseding Indictment. ECF No. 290. ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████.

On June 18, 2015, the court sentenced Jones to 120 months of imprisonment on Count One; 48 months of imprisonment on Counts Nine, Eleven, and Thirteen; and 97 months on Counts Ten, Twelve, and Fourteen. ECF No. 475. All sentences were to run concurrently. *Id.* Jones appealed to the U.S. Court of Appeals for the Fourth Circuit, which affirmed her conviction on August 12, 2016. ECF No. 508.

Jones filed her § 2255 motion on August 14, 2017. ECF No. 526. On August 16, 2017, the court ordered the United States to respond to Jones's § 2255 motion within 60 days of the

---

[2] ECF No. 424 and 425 are transcripts of ex parte proceedings conducted by the magistrate judge and are under seal. After the verdict and prior to sentencing, Judge Titus provided copies of those transcripts to the government, along with a copy of a letter previously sent to the court, which was also under seal as ECF No. 352. The court's order is ECF No. 457. Those materials remain under seal, although the parties have access to them. Out of an abundance of caution, the portions of this opinion referring to the sealed material will be redacted from the publicly available version of this opinion and the full opinion will be filed under seal.

Order and allowed Jones to reply within 28 days of the United States' response. ECF No. 527. The Government filed its timely opposition and a motion to seal. ECF Nos. 537, 538. Jones did not file a reply.

## DISCUSSION

In her motion to vacate and grounds in support of her motion, Jones asserts fourteen arguments, but provides limited application of them to her case: (1) she was denied effective assistance of counsel, ECF Nos. 526 at 4–5, 8–9; 526-1 at 1; (2) her conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, ECF Nos. 526 at 4, 526-1 at 1; (3) her conviction was "obtained by wrong legal status," ECF No. 526-1 at 2; (4) the grand jury or the petit jury was "unconstitutionally selected or tainted by a third party instruction," *id.*; (5) her conviction was obtained in violation of her Fifth Amendment right against self-incrimination, *id.*; (6) her conviction was obtained by an ex post facto law, ECF Nos. 526 at 8; 526-1 at 3; (7) her conviction was obtained in the wrong jurisdiction, ECF Nos. 526 at 7; 526-1 at 3; (8) her conviction was obtained through a forced waiver of certain "inalienable rights" in violation of her religious and spiritual beliefs, ECF No. 526-1 at 4; (9) this court was not the proper venue for her case, ECF Nos. 526 at 7; 526-1 at 4; (10) this court lacked the constitutional authority to adjudicate her case, ECF No. 526-1 at 4; (11) the United States lacked standing to prosecute her because it is a "corporate fiction," *id.* at 5; (12) she is being unlawfully held in violation of Article 6 of the U.S. Constitution, *id.*; (13) she has been denied the right of habeas corpus, *id.*; and (14) her due process rights were violated because one of the felony drug statutes she was convicted of violates the void for vagueness doctrine, *id.*

To prevail on a § 2255 motion, a petitioner must prove by a preponderance of the evidence that "[her] sentence was imposed in violation of the Constitution or laws of the United States, or

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citation omitted).

Collateral attack is not a substitute for direct appeal; therefore, the failure to raise certain issues on direct appeal may render them procedurally defaulted on habeas review. *United States v. Frady*, 456 U.S. 152, 165 (1982). Issues fully litigated on direct appeal cannot be raised on collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). If the § 2255 motion, along with the files and records of the case, "conclusively show that [the petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. *Pro se* petitions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### I. Jones's Ineffective Assistance of Counsel Claims Lack Merit.

Jones brings four ineffective assistance of counsel claims, three against her trial counsel, and one against her appellate counsel. All four claims lack legal merit.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the performance prong, a petitioner must show that counsel's performance was deficient. *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see also United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The court must evaluate the conduct at issue from counsel's perspective at the time and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Under the prejudice prong, a petitioner must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. Unless a petitioner can make both showings, the court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 687. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

**A. Jones's Claims that Her Trial Counsel Was Ineffective Fail Both *Strickland* Prongs.**

Jones alleges that her trial counsel rendered ineffective assistance by failing to: (a) challenge the "constitutional authorities the court did not posess [sic]," ECF No. 526-1 at 1; and (b) assert "any of [her] inalienable rights," *id.* However, Jones has not supplied the court with any factual support for her claims. Furthermore, the record squarely contradicts her allegations that her counsel's representation fell below an objective standard of reasonableness. ███████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████.

Even if any of these alleged deficiencies are enough to meet Jones's burden under the performance prong, she has not asserted any facts that the alleged deficiencies actually prejudiced her. Jones merely states conclusory allegations and thus there is no way for this court to conclude that her trial counsel was ineffective. *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court" (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Jones also alleges that her trial counsel was ineffective for failing to call and subpoena witnesses on her behalf. ECF No. 526-1 at 1. She asserts that this deficiency led her "to participate in an EX PARTE TRIAL." *Id.* However, counsel is given "wide latitude in determining which witnesses to call as part of their trial strategy." *Dyess*, 730 F.3d at 364–65; *see Strickland*, 466 U.S. at 689 (noting that counsel must have wide latitude in making tactical decisions). Moreover, Jones does not specify a single witness that her counsel should have called to testify. Without providing the court with any facts as to who should have been called and what that person would have said or how that person would have aided in her defense, the court cannot conclude that any other outcome would have likely occurred. Accordingly, Jones's second claim of ineffective assistance of counsel lacks merit under *Strickland*.

### B.   Jones's Claim that Her Trial Counsel Had a Conflict of Interest Is Meritless.

Jones alleges that her counsel labored under a conflict of interest. ECF No. 526-1 at 1. To establish that a conflict of interest resulted in ineffective assistance of counsel, a petitioner "must show (1) that [her] lawyer was under 'an actual conflict of interest' and (2) that this conflict 'adversely affected [her] lawyer's performance.'" *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). A mere possibility of a

conflict is insufficient, rather the petitioner must show that her counsel "actively represent[ed] conflicting interests." *United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991).

Jones claims that her counsel had a conflict of interest because he was a member of the same bar association as the Assistant U.S. Attorney ("AUSA") who prosecuted her case. ECF No. 526-1 at 1. In support of this, she argues that their shared bar membership is an "incompatibility between one's private interests and one's public fiduciary duties." *Id.* Being members of the same bar, however, is not evidence that Jones's counsel "actively represent[ed] conflicting interests." *Tatum*, 943 F.2d at 375. Moreover, Jones fails to provide any facts to support that her counsel being barred in the same jurisdiction as the prosecuting AUSA "adversely affected" his performance. *Nicholson*, 475 F.3d at 249. Accordingly, Jones's claim lacks merit. *See Quinonez v. Harrington*, No. C 09-4272 SBA (PR), 2012 WL 3583041, at *11 (N.D. Cal. Aug. 20, 2012) (rejecting petitioner's claim that there was conflict of interest based on his court-appointed lawyer and prosecutor being members of the same state bar association); *Jimenez v. United States*, No. 04 CV 1443 (RJD), 2010 WL 3154537, at *2 (E.D.N.Y. Aug. 9, 2010) (dismissing as "unintelligible and frivolous" petitioner's allegation that his attorney had conflict because she, judge, and prosecutor were members of the same state bar association).

      **C.**    **Jones's Claim that Her Appellate Counsel Provided Ineffective Assistance by Failing to Raise Two Arguments Is Meritless.**

Jones asserts that her appellate counsel provided ineffective assistance of counsel by failing to (a) argue that her conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure," ECF No. 526 at 4; and (b) challenge that her conviction was "obtained by the use of an ex-post facto law," *id.* at 8–9. The "right to effective assistance of counsel extends to require such assistance on direct appeal." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (quoting *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc)).

7

"Effective assistance of appellate counsel 'does not require the presentation of all issues on appeal that may have merit.'" *Id.* at 828–29 (quoting *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008)). Instead, the court presumes that appellate counsel "decided which issues were most likely to afford relief on appeal." *Id.* at 828 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "[O]nly when ignored issues are clearly stronger than those presented," should the court find a petitioner's appellate counsel ineffective for failing to raise those claims. *Id.* at 829 (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

On appeal, Jones's counsel raised three issues, including whether the court erred in denying Jones's pre-trial request for new counsel, whether Jones's motion for judgment of acquittal was improperly denied, and whether the court erred in denying Jones's motion for an extension of time to file a rule 33 motion for a new trial based on ineffective assistance of counsel. *See generally* ECF No. 508-1. Jones does not show (and does not even contend) that the issues she alleges her appellate counsel failed to raise were "clearly stronger" than the issues presented. Thus, Jones fails to overcome the "strong presumption that [her] counsel's conduct was within the wide range of reasonable professional assistance" when she selected the issues to raise on appeal. *United States v. Lomax*, Nos. WMN-10-0145, WMN-13-2375, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014) (citing *Strickland*, 466 U.S. at 689).

## II. Jones's Remaining Claims Lack Merit and/or Are Procedurally Defaulted.

As stated above, claims not raised on direct appeal are procedurally defaulted on habeas review because collateral attack is not a substitute for appeal. *Frady*, 456 U.S. at 165. For constitutional claims, a petitioner may surmount procedural default if she can demonstrate both cause and prejudice, or actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 275 (4th Cir. 2010); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998). For a

non-constitutional claim, a petitioner must prove "a fundamental defect which inherently result[ed] in a complete miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (citation omitted).

Cause "turn[s] on whether the prisoner can show that some objective factor external to the defense" impeded compliance with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Furthermore, a petitioner can only establish actual prejudice when "the error worked to [her] 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494). If cause and prejudice are not demonstrated, a petitioner may only overcome procedural default by establishing "actual innocence" meaning "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. For the court to entertain the collateral attack, a petitioner must press beyond mere declarations and prove innocence "by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493.

Jones's remaining claims consist of mere recitations of the law without any specific references to the record. These claims include: (1) her conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure[3], ECF Nos. 526 at 4; 526-1 at 1; (2) her conviction was "obtained by wrong legal status," ECF No. 526-1 at 2; (3) the grand jury or the petit jury was "unconstitutionally selected or tainted by a third party instruction," *id.*; (4) her conviction was obtained in violation of her Fifth Amendment right against self-incrimination, *id.*; (5) her conviction was obtained by an ex post facto law, ECF Nos. 526 at 8; 526-1 at 3; (6) this

---

[3] Jones asserts that she did not raise this issue on appeal because she "relied on the assistance of competent counsel to raise [it]." ECF No. 526 at 4, 8–9. Accordingly, the court treated this argument as an ineffective assistance of counsel claim above. However, if Jones intended to assert such claim as an independent ground, the court will address it as such here.

court "operated in excess of [its] jurisdiction," ECF Nos. 526 at 7; 526-1 at 3; (7) her conviction was obtained through a forced waiver of certain "inalienable rights," in violation of her religious and spiritual beliefs[4], ECF No. 526-1 at 4; (8) this court was an improper venue, ECF Nos. 526 at 7; 526-1 at 4; (9) this court did not "posess [sic] the Constitutional Authority to adjudicate the accused's case," ECF No. 526-1 at 4; (10) the United States lacked standing to prosecute her because it is a "corporate fiction," *id.* at 5; (11) she is being unlawfully held in violation of Article 6 of the U.S. Constitution, *id.*; and (12) her due process rights were violated because one of the felony drug statutes she was convicted of violates the void for vagueness doctrine, *id.*[5] Jones, however, has failed to provide any factual basis to support any of these claims, and "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Dyess*, 730 F.3d at 359 (quoting *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995)).

Even if these allegations had merit, they are all procedurally defaulted as Jones did not raise them on appeal. *See Frady*, 456 U.S. at 165. Moreover, because she fails to provide any supporting facts, she has neither demonstrated cause and prejudice, or actual innocence for her constitutional claims nor proved "a fundamental defect which inherently resulted in a complete miscarriage of justice" for her non-constitutional claims. *See Pettiford*, 612 F.3d at 275; *Mikalajunas*, 186 F.3d at 495. Accordingly, Jones is not entitled to habeas relief.

---

[4] Jones argues that her trial counsel provided ineffective assistance of counsel by failing to raise this argument and to challenge this court's jurisdiction, ECF No. 526-1 at 1, which the court addressed above. However, she also includes these as separate, independent grounds for her motion, so the court will address them as such here.

[5] Jones also contends that she has been denied the right of habeas corpus. ECF No. 521-1 at 5. However, the statute she has filed her motion to vacate pursuant to is the appropriate legal vehicle to seek habeas corpus relief. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc))). Accordingly, this argument is meritless.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal this court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). The court has assessed Jones's Motion to Vacate and finds that no reasonable jurist could find merit in any of the asserted claims. Accordingly, no certificate of appealability shall issue.

## CONCLUSION

Based on the foregoing, the court finds that Jones's § 2255 motion "conclusively show[s] that [she] is entitled to no relief," and as such, will deny the motion. *See* 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. A separate order will follow.

April 25, 2019

                                                /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge